# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JACKIE BLACKBURN and<br>BESSIE BLACKBURN, Husband and Wife, | )<br>)<br>)<br>) | |
| Plaintiffs, | ) | |
| v. | ) | CIV-15-780-R |
| | ) | |
| CITATION OIL & GAS CORPORATION,<br>a foreign corporation, | )<br>)<br>) | |
| Defendant. | ) | |

## ORDER

Plaintiffs have filed a Motion to Remand (Doc. No. 7), to which Defendant has responded. Having considered the parties' submissions, the Court finds as follows.

Defendant removed this action from the District Court of Stephens County on June 25, 2015. The basis for removal by Defendant was the Court's diversity jurisdiction under 28 U.S.C. § 1332. In the Notice of Removal Defendant asserted that Plaintiffs are citizens of Oklahoma and that as a corporation it is a citizen of both Texas and Delaware. With regard to the amount in controversy, Defendant asserted the threshold of $75,000 mandated by 28 U.S.C. § 1332 was met because, although Plaintiffs limited their demand for damages in the state court petition to $74,999.00, they were also seeking attorneys' fees. Attorneys fees are available to Plaintiffs should they prevail pursuant to Okla Stat. tit. 12 § 940.[1] Defendant argues that fees are included in the calculation of the amount in controversy for purposes of

---

[1] Okla. Stat. tit. 12 § 940 provides, in relevant part, that "[i]n any civil action to recover damages for the negligent or willful injury to property. . . the prevailing party shall be allowed reasonable attorney's fees."

removal if permitted under state law, and therefore, any attorneys' fee exceeding one dollar, would suffice for amount in controversy purposes.

> The Supreme Court has long held that when a statute permits recovery of attorney's fees, a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir.1998)(citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)).

*Salazar v. GEICO Ins. Co.*, 2010 WL 2292930 (D.N.M. 2010). The Court finds that anticipating an attorney's fee award in excess of $1.00 should Plaintiffs prevail in this action is entirely reasonable. Therefore, the facts as set forth in Defendant's Notice of Removal were sufficient to establish federal jurisdiction, even in light of the presumption against removal jurisdiction. Accordingly, Plaintiffs' motion to remand is hereby DENIED.

IT IS SO ORDERED this 10th day of September, 2015.

_/s/ David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE